**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-6051**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GRADY WILLIAM POWERS,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Martin K. Reidinger, District Judge. (2:93-cr-00019-MR-1)

Submitted: April 25, 2019                    Decided: April 30, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Grady William Powers, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Grady William Powers was convicted by a jury of 10 counts of aggravated sexual abuse of a minor, in violation of 18 U.S.C. § 2241(c) (2012), and sentenced in 1994 to 480 months in prison. *United States v. Powers*, 59 F.3d 1460 (4th Cir. 1995) (affirming convictions). This appeal arises from a recent motion Powers filed in the district court seeking the unsealing and disclosure of testimony and evidence presented to the grand jury that indicted him; he contended there was a "real and concrete probability" that misleading testimony influenced the grand jury's decision to indict him. The district court denied the motion and Powers' subsequent motion for reconsideration, noting that Powers had no pending collateral attacks against his conviction and concluding that he had not shown a particularized need for the grand jury material. Powers appeals. We review the district court's denial of his motion for an abuse of discretion. *See Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 223, 228-29 (1979).

Grand jury proceedings are generally secret. *See* Fed. R. Crim. P. 6(e)(2); *Douglas Oil Co. of California*, 441 U.S. at 218-19. The exceptions to that rule are limited, *see* Fed. R. Crim. P. 6(e)(3), and available only when the party seeking grand jury material demonstrates a "particularized need" for the material by showing that (1) the material is needed to prevent a possible injustice in another judicial proceeding, (2) the need for disclosure outweighs the need for secrecy, and (3) the request is limited to the material needed. *Douglas Oil Co. of California*, 441 U.S. at 222 & n.12. Because Powers has no pending proceedings challenging his conviction, and because his request for materials is sweeping rather than specific, the district court did not abuse its discretion

2

in finding that he failed to make the necessary showing. We note, moreover, that because the trial jury found Powers guilty on all counts, *see Powers*, 59 F.3d at 1463, any errors in the grand jury's decision to indict him were harmless. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986).

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*